UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BARBARA BOSCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-1408 |
| ) | |
| SUSAN BALL-KELL and DONALD RAGER, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

This matter is now before the Court on several post-trial motions. For the reasons set forth below, Defendants' Rule 50 Motion to Direct Entry of Judgment as a Matter of Law [#114] is DENIED. Plaintiff's Motion for a New Trial and to Alter or Amend Judgment [#113] is also DENIED.

**BACKGROUND AND DISCUSSION**

This matter arises out of a dispute between Plaintiff, Barbara Bosch ("Bosch"), and Defendants Susan Ball-Kell ("Ball-Kell") and Donald Rager ("Rager") regarding the ownership and right to use certain registered teaching materials. At trial, the jury found that while Bosch was the owner of two of the three registered teaching materials(Txul-114-605 and Txul-011-817), the University of Illinois (the "University") was the owner of the third set of registered teaching materials (Txul-113-011). The jury further concluded that in using the two sets of teaching materials owned by Bosch, Ball-Kell and Rager did not infringe on Bosch's copyrights.

I.   Defendants' Rule 50 Motion to Direct Entry of Judgment

Rule 50(a) provides in relevant part:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Defendants made such a motion during the trial in this matter, and it was denied. Defendants now renew their motion.

In support of their motion, Defendants have simply rehashed their prior arguments with respect to their theory that Bosch created the teaching materials within the scope of her employment, thereby vesting the University with the ownership of such materials. While Defendants did certainly present evidence to this effect at trial, Bosch presented evidence suggesting a contrary result. The jury had no obligation to believe Defendants' evidence. In fact, the jury obviously rejected Defendants' position with respect to at least two of the disputed sets of teaching materials, and the Court cannot conclude that the verdict was against the manifest weight of the evidence or is lacking a legally sufficient evidentiary basis. As the Defendants' renewed motion demonstrates nothing more than a continued disagreement with the Court's rulings and the jury's verdict, much less any legal error in the law of the case, the Motion is DENIED.

II.  Plaintiff's Motion for New Trial and to Alter or Amend Judgment

A trial court may grant a motion for new trial where "the clear weight of the evidence is against the jury verdict, the damages are excessive or for some other reason the trial was not fair to the moving party." Scaggs v. Consolidated Rail Corp., 6 F.3d 1290, 1293 (7th Cir. 1993), *citing* Walden v. Illinois Central Gulf R.R., 975 F.2d 361, 365 (7th Cir. 1992). Additionally, a court may grant a motion for a new trial for judicial error in the admission or

exclusion of evidence, jury instructions, or party misconduct. See 6A MOORE'S FEDERAL PRACTICE, ¶ 59.08[1] (2d ed. 1995).

Bosch first argues that she is entitled to a new trial with respect to the third set of registered teaching materials (Txul-113-011) that the jury found were owned by the University. Specifically, she contends that the testimony at trial established that this particular work was authored by Dr. Gerald Bartlett and assigned to her by Dr. Bartlett, thereby precluding any reasonable finding that it was owned by the University. At trial, Defendants presented evidence suggesting that this General Pathology Course Introduction advising students of what textbook they would need, when exams would be administered, required lab sessions, etc., was created specifically for the University's General Pathology Course in the scope of Dr. Bartlett's employment and had been given to students in that course for many years. The jury clearly credited this evidence over that presented by Bosch, and the Court cannot find that the jury's verdict was against the clear weight of the evidence.

Bosch next asserts that the jury instructions with respect to Defendants' fair use defense contained errors that prejudiced her and warrant a new trial. She maintains that the instructions regarding fair use failed to advise the jury that her copyrighted works were "unpublished." Defendants correctly note that the caselaw focuses on the unpublished nature of a work in the context of assessing the impact of the use on the owner's right to first publication. As any use of the teaching materials by Defendants was solely for classroom instructional purposes in the same manner as Bosch herself had used the materials, and Bosch had made no effort to publicly disseminate or publish the work outside of the classroom setting, the Court concluded that there had been no impact on Bosch's

right to first publication of the materials and that the jury instructions therefore need not place undue emphasis on whether or not the works were unpublished.

Bosch further contends that the Court erred in instructing the jury to find in favor of Defendants on factor four of the fair use defense regarding the effect of the use on the potential market for or value of the copyrighted works. She maintains that she was entitled to an instruction allowing the jury to determine whether unrestricted and widespread conduct of the sort engaged in by Defendants would result in a substantially adverse impact on the potential market for the original. However, Bosch fails to acknowledge the fact that there was no evidence produced at trial from which a reasonable jury could have discerned any impact on the potential market or value of the works. The evidence demonstrated only that the works were used in the same manner and for the same limited educational purpose that Bosch herself had been using them for years, that neither Defendant remained in a teaching position at the time of trial, and that Bosch had no present plans to market her teaching materials. As such, any conclusion regarding whether there was in fact a market for this kind of teaching materials or would be any meaningful likelihood of harm from the kind of use alleged in this case would have been rank speculation.

Bosch argues that the reference to there being a strong presumption that factor one favored the Defendants where the use was for non-profit educational purposes was erroneous. However, the phrase "strong presumption" in this context has been held to mean that where the contested use is for one of the purposes set forth in 17 U.S.C. § 107, "factor one will normally tilt in the defendant's favor." Nxivm Corp. v. Ross Institute, 364 F.3d 471, 477 (2nd Cir. 2004), *cert. denied*, 543 U.S. 1000 (2004). As the educational

purposes at issue in this case are clearly one of the purposes set forth in § 107, the Court finds no merit in Bosch's position.

Finally, in a belated attempt to seek reconsideration of the Court's rulings on summary judgment that could be considered untimely, Bosch asserts that the entry of summary judgment in favor of Defendants on her intentional infliction of emotional distress ("IIED") claim was incorrect as a matter of law based on recent Seventh Circuit precedent. In support of her argument, she cites Naeem v. McKesson Drug Company, 444 F.3d 593 (7th Cir. 2006), for the proposition that IIED need not consist of criminal acts or sexual misconduct in order to be actionable.

In issuing its opinion on summary judgment, the Court did note several cases that had suggested that criminal or sexual misconduct could be necessary to exceed the threshold necessary for an IIED claim among the numerous cases relied on. However, the lack of criminal or sexual misconduct was not the basis for the Court's ruling. Rather, the Court clearly held that the conduct alleged by Bosch was not extreme and outrageous as a matter of law.

The contention that Naeem constitutes a change in the law in this circuit is unavailing. It is merely another factual scenario to be considered in the larger landscape of IIED law and is readily distinguishable from Bosch's case. The holding in Naeem rested essentially on a finding that the employer knew that the plaintiff was particularly susceptible to emotional distress as a result of her pregnancy and that the employer's actions were expressly intended to send the plaintiff a message, get her attention, and affect her mental processes. 444 F.3d at 606. In other words, the Seventh Circuit found evidence

establishing a specific intent to cause emotional distress to a plaintiff.  Id.  Evidence of such intent or particular susceptibility was lacking in this case.

With respect to the request to alter or amend judgment pursuant to Rule 59(e), which is essentially a motion for reconsideration, the Court notes:  "Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence."  Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996).  Furthermore, it is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider.  Id. at 1270.

Here, Bosch has not demonstrated any manifest error of law or fact, and her pleading offers little more than an attempt to rehash arguments on which she was previously unsuccessful.  Accordingly, alteration or amendment of the judgment is unnecessary.

## CONCLUSION

For the reasons set forth above, Defendants' Rule 50 Motion to Direct Entry of Judgment as a Matter of Law [#114] is DENIED, and Plaintiff's Motion for a New Trial and to Alter or Amend Judgment [#113] is also DENIED.  Plaintiff shall have 14 days from the date of this Order in which to respond to Defendants' Motion for Attorneys' Fees.

ENTERED this 29th day of August, 2007.

                                        s/ Michael M. Mihm
                                          Michael M. Mihm
                                  United States District Judge