**E-FILED**
Thursday, 11 October, 2007 10:03:23 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

BARBARA D. BOSCH, )
)
Plaintiff, )
)
v. ) Case No. 03-1408
)
SUSAN M. BALL-KELL and DONALD E. RAGER, )
)
)
Defendants. )

**O R D E R**

This matter is now before the Court on Defendants' Motion for Attorneys' Fees and Bill of Costs. Plaintiff, Barbara Bosch ("Bosch"), has filed her objections to both requests, and this Order follows.

**DISCUSSION**

A. COSTS

Having won partial summary judgment in their favor and then obtained a verdict in their favor on the remaining claims at trial, Defendants have submitted a Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d), seeking to recover $18,129.25. "[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). The costs that may be recovered pursuant to Rule 54(d)(1) are specified in 28 U.S.C. § 1920. *See* Crawford v. Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987). They include: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of "papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party. *See* Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." Id. (citation omitted). The losing party must affirmatively demonstrate the prevailing party is not entitled to costs. *See* M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991). Here, Bosch does not object to the award of costs, but challenges several specific items as unreasonable or unrecoverable.

1. Fees for Service of Summons and Subpoenas

Defendants seek $75.00 for service of a subpoena to procure the testimony of Dr. Gerald Bartlett. Bosch does not object to this amount, and the request for costs for fees for service is therefore allowed.

2. Fees of the Court Reporter

Defendants seek $8,529.55 as fees of the court reporter. In Cengr v. Fusibond Piping Systems, Inc., 135 F.3d 445, 455 (7th Cir. 1998), the Seventh Circuit stated, in the context of deposition costs, "The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." (Citations omitted). Bosch does not challenge that any of the depositions claimed were not reasonably necessary for use in this case. Rather, she challenges some of the amounts charged, as well as other incidental fees associated with the transcripts.

In Cengr, the Seventh Circuit held that page rates for deposition transcripts by private reporters are limited to those set by the U.S. Judicial Conference. 135 F.3d at 455. The rate set by the Judicial Conference at the time was $3.30 per page for the original

transcript and $0.83 per page for the first copy, and Defendants are not entitled to recover any costs above this rate.

The 158-page transcript of the 5/23/05 Bosch deposition is billed at $562.20, which represents a rate of $3.56 per page. In accordance with Judicial Conference guidelines, it will be reduced to $521.40 (158 pages x $3.30/page). The 70-page transcript of the 6/24/05 Bartlett deposition is billed at $259.00, which represents a rate of $3.70 per page, and will therefore be reduced to $231.00 (70 pages x $3.30/page). The 131-page transcript of the 7/12/05 deposition of Dennis Crnkovich is billed at $484.70, which represents a rate of $3.70 per page, and will therefore be reduced to $432.30 (131 pages x $3.30/page). The 137-page transcript of the 7/8/05 deposition of Michele Hines is billed at $506.90, which represents a rate of $3.70 per page, and will therefore be reduced to $452.10 (137 pages x $3.30/page).

The copy of the 150-page transcript of the 6/21/05 deposition of Noorjehan Ali is billed at $345.00, which represents a rate of $2.30 per page. As the maximum allowable rate under Judicial Conference guidelines is $0.83 per page for a copy, the cost will be reduced to $124.50 (150 pages x $0.83/page). The copy of the 168-page transcript of the 11/10/05 deposition of Anthony Graham-White is billed at $470.40, which represents a rate of $2.80 per page, and will therefore be reduced to $139.44 (168 pages x $0.83/page). The copy of the 120-page transcript of the 11/22/05 deposition of Robert Folberg is billed at $342.00, which represents a rate of $2.85 per page, and will therefore be reduced to $99.60 (120 pages x $0.83/page).

The depositions of Bosch (1/14/05 and 5/23/05), Holland, Ali, and Hines appear to contain multiple appearance fees without any explanation for why an appearance fee of

greater than one is justified. Despite Bosch's objections to the inadequacy of the documentation, Defendants have made no effort to provide supplemental documentation detailing these costs. Accordingly, only one appearance fee per deposition will be allowed and the costs sought will be reduced.

With respect to the 06/02/05 Rager deposition, 6/10/05 deposition of Roberta Egan, 7/14/05 Rager deposition, and 7/13/05 deposition of Ball-Kell, the invoices submitted fail to indicate the number of pages billed for the copy or whether the cost includes an attendance fee or any other surcharges. Again, despite Bosch's objections to the inadequacy of the documentation, Defendants have made no effort to provide supplemental documentation detailing these costs. Accordingly, the $435.50, $301.80, $111.30, and $585.60 claimed for copies of the two Rager depositions, Egan's transcript, and Ball-Kell's transcript will be disallowed.

Bosch also objects to certain charges for copies of exhibits, ASCII diskettes, condensed transcripts, delivery charges, and administrative fees. As such charges are generally disallowed, the Court disallows the following costs: (1) $804.00 for a rough ASCII diskette, $25.00 for a condensed transcript, and $10.00 for delivery of the 1/14/05 Bosch deposition; (2) $25.00 for an ASCII diskette and $10.00 for delivery of the 5/23/05 Bosch deposition; (3) $1.00 for exhibit copying and $10.00 for delivery of the 6/21/05 Ali deposition; (4) $35.00 for an e-transcript, $179.65 for conference room rental fee, and $6.70 for delivery of the 6/24/05 Bartlett deposition; (5) $45.00 for exhibits, $25.00 for a Min-U-Script transcript, $187.50 for realtime charges, and $6.67 in delivery of the 7/12/05 Crnkovich deposition; (6) $25.00 for a Min-U-Script transcript, $45.00 for exhibits, and $25.75 for delivery of the 7/8/05 Hines deposition; (7) $25.00 for a multi-page transcript,

$6.00 for delivery, and $18.60 for exhibits for the 11/10/05 Graham-White deposition; and (8) $35.00 for an ASCII disk, $6.00 for delivery, and $15.20 for exhibits for the 11/22/05 Folberg deposition.

After the reductions to comply with the Judicial Conference payment schedule and costs disallowed, the total award for the fees of the court reporter will be $3,897.96.

3. Fees for Printing

Defendants seek $2,153.35 in copying costs/printing. Defendants have submitted an itemization of copying charges/printing of documents produced in discovery that is computed at various rates, none of which exceed of $0.15 per page.  This Court has routinely authorized outside photocopying costs of up to $0.20 per page as reasonable in this area.  Bosch argues that all copying costs are capped at a rate of $0.10 per page. While the Court agrees with Bosch in theory as it pertains to internal copying charges within the control of the party, this Court has never construed copying costs in such a narrow manner with respect to copying costs charged by third parties that are not within the party's control.  Defendants have submitted an itemized statement that provides sufficient detail to permit the determination that the copies were necessarily made for use in the case, and the Court declines the reduction for fees and disbursements for printing suggested by Bosch.

4. Fees for Witnesses

Defendants seek $2,717.92 in witness fees.  Bosch does not object to the $167.92 sought for Lorne Holland, but objects to the amounts attributed to witness fees for Dr. Dennis Crnkovich and Dr. Michele Hines.  Witness fees are governed by 28 U.S.C. § 1821, which provides:

> A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance. . . . A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of Title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis fo a uniformed table of distances adopted by the Administrator of General Services. . . . A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day. . . .

28 U.S.C. §§ 1821(c) and (d).

Defendants request $1,350.00 in witness fees for Dr. Crnkovich and another $1,200.00 in fees for Dr. Hines, which appear to represent amounts paid to compensate them for their time in appearing for their depositions. As it is well settled that amounts paid as compensation or fees to "experts" are not properly taxed as costs, these amounts must also be disallowed. Chicago College of Osteopathic Medicine v. George A. Fuller Co., 801 F.2d 908, 909-10 (7th Cir. 1986). Accordingly, the amount allowed for witness fees is reduced to $167.92.

5. Fees for Exemplification of Copies

Defendants claim $4,653.43 for the exemplification of copies. Pursuant to 28 U.S.C. § 1920, the costs of photocopies "of papers necessarily obtained for use in the case" are recoverable by the prevailing party. As previously discussed with respect to deposition costs, the Seventh Circuit found in Cengr that "[t]he proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it

was used in a motion or in court." 135 F.3d at 455.  While the court of appeals was addressing deposition costs, this Court believes that this rationale is equally applicable to costs for photocopying.  Accordingly, the proper inquiry is whether the photocopies were reasonably necessary to this case at the time they were made.  Additionally, although the prevailing party is "not required to submit a bill of costs so detailed as to make it impossible economically to recover photocopying costs," Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991), a bill of costs must be sufficiently detailed to enable a court "determine whether the copies in question were reasonably necessary for use in the case, [or else] the claim for costs should be denied," Arachnid, Inc. v. Valley Recreation Prods., Inc., 143 F.R.D. 192, 194 (N.D. Ill. 1992).

Defendants have reduced the copying charges to $0.10 per page, and Bosch does not dispute that this is an appropriate rate per page.  That being said, Bosch contends that this category of costs applies only to copies that have "actually prepared for use in presenting evidence to the Court."  With all due respect, this Court has never construed copying costs in such a narrow manner.  Defendants have submitted an itemized statement; however this statement does not provide sufficient detail to permit the determination that the copies were necessarily made for use in the case.  Accordingly, the Court in its discretion will reduce the amount of copying charges requested by 50%, resulting in an award of $2,326.72 as fees for the exemplification of copies.

For the reasons set forth above, costs are hereby awarded in the amount of $8,620.95.

B.    ATTORNEYS FEES

Defendants seek an award of $512,782.50 in fees pursuant to 17 U.S.C. § 505, which provides in relevant part:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

Historically, factors to be considered in determining whether to award fees included frivolousness, motivation, objective unreasonableness, and the need in particular circumstances for compensation and deterrence. Woodhaven Homes & Realty, Inc. v. Hotz, 396 F.3d 822, 824 (7th Cir. 2005), *citing* Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 (1994).

The Seventh Circuit has since simplified the Fogerty standard and clarified that the two most important considerations in determining whether to award fees are the strength of the prevailing party's case and the amount of damages the party obtained. Assessment Technologies of Wi, LLC v. Wire Data, Inc., 361 F.3d 434, 436 (7th Cir. 2004).  "[P]revailing defendants in copyright cases . . . are presumptively entitled (and strongly so) to recover attorney fees." Woodhaven, 396 F.3d at 824, *citing* Assessment Technologies, 361 F.3d at 436.

> [T]he prevailing party in a copyright case in which the monetary stakes are small should have a presumptive entitlement to an award of attorneys' fees.  When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong.  For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred all together from exercising his rights.

Id.

Bosch argues that the balance of the Fogerty factors militates against an award of fees. Had Fogerty not been clarified by Assessment Technologies and Woodhaven, the Court might have been inclined to agree. Although Bosch's ability to succeed was far from clear, her copyright claims survived a motion for summary judgment and proceeded to trial, where the jury ultimately concluded that the University was the owner of one of the three sets of teaching materials and rejected her claims of infringement after deciding that Defendants' use had been fair. Accordingly, her suit cannot fairly be characterized as frivolous, and there has been no evidence that the case was brought in bad faith or for purposes of harassment.

While Bosch is correct that an award of fees remains discretionary, she fails to apprehend the strength of the current presumption in this Circuit that prevailing Defendants are entitled to an award of fees. She cites cases from the Ninth, Fifth, Second, First, and Sixth Circuits declining to award fees to defendants who successfully resisted claims of copyright infringement, yet this is a hierarchical system, and this Court is bound by the controlling precedent of the Seventh Circuit. Bosch also references district court cases from this Circuit, in which other district courts declined to award fees where the law of the Circuit was "vague" or where the area of the law was "largely unsettled and novel," but this is not such a case.

Defendants had a vigorous and multi-pronged defense, successfully obtaining summary judgment on two of Bosch's claims and ultimately prevailing on the remainder of

her claims at trial. They defended this case for more than three years, involving numerous discovery disputes, a number of depositions, substantial motions practice, many motions in limine, and a six-day trial, all without the possibility of obtaining any damages award for themselves. Accordingly, the Court finds that under the current state of the law in the Seventh Circuit, Defendants are entitled to an award of fees.

That being said, the question then becomes what constitutes a reasonable fee award. Defendants ask the Court to award $512,782.50 in fees, which represents the entirety of their fees billed in this case after a voluntary reduction of $42,108.75. Bosch correctly notes that Defendants have made no effort to address what portion of those fees were incurred with respect to the copyright infringement portion of this case as opposed to the claim for intentional infliction of emotional distress (IIED). She suggests that she be allowed to take discovery to determine the allocation of Defendants' fees between the copyright and non-copyright claims. Defendants respond that such separation is impossible, as Bosch intentionally commingled her IIED claim with her copyright claims during both discovery and at trial. To a large extent, the Court agrees.

At trial, Bosch argued, and ultimately persuaded the Court, that much of the testimony and evidence that had formed the basis for her IIED claim was appropriately presented to the jury as background information setting the scene for her copyright claims. Thus, to a certain extent, some of the same discovery and presentation of evidence would have been necessary even in the absence of the IIED claim. Given this reality, there is nothing to be gained from expending additional resources to conduct additional discovery

into the allocation of fees and needlessly increasing the costs of what the Court believes has already been a strikingly over-litigated case.

The Court therefore finds it appropriate to reduce the amount of fees allowed for this case by roughly 50%, which results in a reduction of $256,391.25 from the amount requested. Although this reduction may seem arbitrary, the Court believes that it is necessary to adjust the award to an amount that would be considered reasonable under the circumstances, both in terms of the number of hours claimed and the amount of work dedicated to the copyright claims. The Court further finds that the reduction is necessary to appropriately address the competing policy considerations that must be balanced in awarding fees pursuant to § 505. The Court concludes that a roughly 50% reduction would fairly accomplish both of these goals, and hereby awards fees to Defendants in the amount of $256,391.25.

## CONCLUSION

For the reasons set forth above, the Motion for Attorneys' Fees and Costs [#117] is GRANTED. The Court awards Defendants $8,620.95 as costs in this case and $256,391.25 as attorneys' fees pursuant to 17 U.S.C. § 505. Such costs shall be taxed in favor of Defendants and against Bosch, and the Clerk is directed to enter an amended judgment to this effect.

ENTERED this 11th day of October, 2007.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge